Isaul **LOPEZ LOPEZ**, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–70728.**

United States Court of Appeals, Ninth Circuit.

Submitted May 25, 2010.*

Filed June 10, 2010.

Seth L. Reszko, Esquire, Reza Athari & Associates, PLLC, Las Vegas, NV, for Petitioner.

Gladys M. Steffens Guzman, Department of Justice Civil Division–Office of Litigation Counsel, Ernesto H. Molina, Jr., Esquire, OIL, Julie M. Iversen, Trial, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Isaul Lopez Lopez, a native and citizen of Mexico, petitions for review of the

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying his motion to reopen deportation proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we deny the petition for review.

The IJ did not abuse his discretion in denying Lopez Lopez's motion as untimely because it was filed more than ten years after the final administrative order, *see* 8 C.F.R. § 1003.23(b)(4)(iii), and Lopez Lopez failed to establish he acted with the due diligence required for equitable tolling of the filing deadline, *see Iturribarria*, 321 F.3d at 897 (equitable tolling is available to a petitioner who is prevented from filing due to deception, fraud or error, and exercises due diligence in discovering such circumstances); *cf. Ghahremani v. Gonzales*, 498 F.3d 993, 1000 (9th Cir.2007) (due diligence where petitioner demonstrates "steadfast pursuit" of his case).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.